FILED
 2007 May-21  PM 03:58
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| GARY A. WARREN | ) |
| | ) |
| v. | ) CRIMINAL NO. 93-N-152-S |
| | ) CIVIL ACTION NO. 07-CO-8017-S |
| UNITED STATES OF AMERICA | ) |

MEMORANDUM OF OPINION

On February 28, 1994, Gary Warren was convicted of conspiring with a number of co-defendants to distribute cocaine, crack cocaine, marijuana, and PCP in violation of 21 U.S.C. § 846, 841(a)(1). (Count II of the indictment).  On June 28, 1994, Warren was sentenced to imprisonment for 293 months. On September 19, 1997, the Eleventh Circuit Court of Appeals affirmed Warren's conviction but vacated and remanded the sentence of Warren for a redetermination of the quantities of cocaine to be attributed to him on sentencing. On November 6, 1998, Warren was resentenced to imprisonment for 235 months.  On April 28, 2000, the Eleventh Circuit affirmed this sentence, and the judgment was issued as mandate on August 2, 2000.

On June 2, 2005, this court denied a § 2255 motion filed by Warren.  The memorandum of opinion addressed  the very claim that Warren attempts to raise in the present "Motion to Modify or Reduce Term of Imprisonment pursuant to Title 18 U.S.C. § 3582(C)(2) under Clarifying Amendment 640 to U.S.S.G. § 2D1.1 Effective November 1, 2002."  This court stated:

> "Amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10(c)." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).Warren argues that because he was deemed a minor role participant in the conspiracy and given a two level reduction, he should be the beneficiary of a level 30 cap.  Amendment 640 which became effective November 1, 2002,  modified U.S.S.G.  § 2D1.1(a)(3) to provide a maximum base offense level of level 30 if the defendant receives an adjustment under § 3B1.2 (Mitigating Role).... Amendment 640 ... may [not] be used to

reduce Warren's term of imprisonment because [it was] not specifically listed in § 1B1.10(c) as appropriate amendments for retroactive application.  Consequently, Warren is not entitled to a reduction in his term of imprisonment."

(CV 01-CO-8018-S, doc. #5).

On November 23, 2005, the Eleventh Circuit denied Warren's certificate of appealability in part "because although Warren did receive an adjustment under U.S.S.G. § 3B1.2, neither Amendment 640 nor Amendment 688 may be used to reduce Warren's term of imprisonment because they were not specifically listed under § 1B1.10(c) as an amendment which could be retroactively applied.  *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003)."  (CV 01-8018-S, Doc. #11).  On January 24, 2006, the Eleventh Circuit denied Warren's motion for reconsideration.  (CV 01-CO-8018-S, Doc. #12).

In *Armstrong*, the Court stated:

> "[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." Under this provision, Congress has allowed for limited exceptions to the rule of finality, but only where a sentence of imprisonment was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and § 3582(b).  Thus, only amendments, *clarifying or not,* listed under subsection (c) of § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)."

347 F.3d at 909.

The court held that where a clarifying amendment is not expressly listed under § 1B1.10(c), the relief sought must be in a motion to vacate sentence under 28 U.S.C. § 2255 rather than pursuant to § 3582(c)(2). *Id*.  Because this motion must be construed as a § 2255 motion, the court must dismiss it for lack of jurisdiction as it is clearly a second or successive motion to vacate and Warren has not first received authorization to file it from the Eleventh Circuit Court of Appeals.

Section 2255 provides in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In *Burton v. Stewart*, ___ U.S. ___, 127 S.Ct. 793, 796, 166 L.Ed.2d 628, (2007), the United States Supreme Court held in the § 2254 context that because a state prisoner did not receive authorization from the Court of Appeals before filing his second challenge, "the district court was without jurisdiction to entertain it." In *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003), the Eleventh Circuit held in the § 2255 context:

> Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th Cir.1997). Because Farris did not have authorization from this Court before filing his Rule 60(b) motion, the district court did not err in denying his motion as an unauthorized successive § 2255 motion.

This action is due to be DISMISSED for lack of jurisdiction. A separate order consistent with this Memorandum of Opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 21st day of May, 2007.

                                                                   L. SCOTT COOGLER
                                                             UNITED STATES DISTRICT JUDGE
                                                                            124153